**In the Matter of the Supervised ESTATE OF Connie HAMBLEN, Deceased, Appellant–Petitioner,**

v.

**Nancy J. JEWELL, Appellee–Respondent.**

No. 84A04–0201–CV–49.

Court of Appeals of Indiana.

Aug. 6, 2002.

Kaleel M. Ellis III, Jeffrey R. Johnson, Ellis Law Offices, Terre Haute, IN, Attorneys for Appellant.

Frederick T. Bauer, Bauer & Duffy, Terre Haute, IN, Attorney for Appellee.

## OPINION

KIRSCH, Judge.

The record before us does not indicate whether Connie Hamblen's daughters quarreled during his lifetime. It is replete, however, with their quarrels since his death. In the seventeen months since his passing, Mr. Hamblen's daughters have commenced two separate proceedings to probate two different wills in two different courts, have filed countless and repetitive motions[1] with three different trial judges, brought two separate appeals to this court, and commenced an original action with our supreme court. Notwithstanding all of these procedural maneuverings, neither party has yet reached the determinative issue, namely, which of Connie Hamblen's two wills is valid.

ENOUGH!

Our procedural rules are intended "to secure the just, speedy and inexpensive determination" of every civil action. Ind. Trial Rule 1. The myriad of pleadings and proceedings in this case have undercut the "speedy and inexpensive" part of this directive notwithstanding the earnest efforts of the three trial judges involved in this case to bring a semblance of order and reason to the proceeding.

On November 20, 2001, Judge Eldred wrote: "The Court is cognizant that there are collateral causes pending in the Vigo Superior Courts concerning these exact issues and they should be rendered moot by this decision and should be dismissed." *Appellee's Appendix (Interlocutory Appeal)* at 9. Notwithstanding this advice, the parties persisted with the collateral cases.

Judge Adler in the order which gives rise to one of the two appeals now before us wrote: "Having two competing wills pending in two separate courts involving the same Connie Hamblen seems burdensome, clumsy and not proper." *Appellant's Appendix* at 14. Notwithstanding this observation, the parties persisted.

In the matter before us for decision, Connie Kay Brown, daughter of decedent Connie Hamblen, appeals the trial court's order denying her Motion to Correct Errors and her Motion to Reconsider pertaining to the trial court's denial of her Motion for Probate of Last Will and Testament and Issuance of Restraining Order, and her Motion for Relief from Judgment pertaining to the Set Aside Order dismissing the will submitted by her and allowing the will submitted by her sister, Nancy J. Jewell, to be probated. The following is the order from which Brown appeals:

### *ORDER*

This matter comes before the Court on petitioner's Verified Motion to Reconsider Dismissal of Will Probate and Denial of Restraining Order, Motion for Relief from Judgment, and Motion to Correct Errors.

A history of what has occurred in this matter might prove Instructive.

In this Court, on February 20, 2001 at approximately 10:06 a.m., petitioner filed a Last Will and Testament of Connie Hamblen, deceased, a Will which was executed on December 6, 1960. On the same date, at approximately 11:45 a.m.,

---

1. Perhaps illustrative of the flurry of motions are those filed in the September 11 through 28, 2001 time frame as reflected in the Chronological Case Summary:

    9/11/01   Motion to Correct Errors filed

    9/18/01   Motion to Strike Motion to Correct Errors filed

    9/20/01   Motion to Strike Motion to Strike Motion to Correct Errors filed

    9/28/01   Response to Motion to Strike Motion to Strike Motion to Correct Errors filed

Nancy Jewell filed a Last Will and Testament of Connie Hamblen, deceased, which was executed on January 9, 1997. It is without dispute that petitioner filed the 1960 Will in this Court prior to the filing of the 1997 Will by Nancy Jewell. Petitioner's Will was assigned to this Court, Division 2, and given this Cause Number. Jewell's Will was assigned to Division 3, to the Honorable Dexter L. Bolin, Jr. and given Cause Number 84D03–0102–ES–1454. On February 20, 2001 Judge Bolin improvidently set aside the petitioner's Will, sua sponte, without the benefit of notice to the petitioner or setting a hearing for the reason that Jewell's Will, filed in Judge Bolin's Court was a later will and was an original (petitioner's will was a copy). The Court characterizes this action as improvidently done for the reason that no one could have possibly foreseen the complexities and complications that soon would occur. At the time Judge Bolin dismissed petitioner's Will on February 20th, this Judge, which petitioner's Will was assigned to, was present in the Courthouse and was available.

On August 22, 2001 this Court improvidently entered an Order denying Petition for Probate of Will and Issuance of a Restraining Order and further ruled that no future pleadings should be filed under this Cause Number. This Order was precipitated by the fact that a probate clerk advised this Court that Judge Bolin had already ruled on the matter and had held the petitioner's Will should be dismissed. This Court believed that a hearing had been held and that the issues had been presented to Judge Bolin and that the issue had been fully adjudicated, which, of course, did not occur. This Court, not wanting to overrule Judge Bolin's decision and again thinking the matter had been fully heard, denied petitioner's Motion to Reconsider.

As stated before, the Jewell Will has been admitted to probate and, as a result of a change of venue from Judge Bolin, Judge Eldred is the presiding judge in that matter. In the Jewell Will cause, the petitioner herein has filed for a will contest. Jewell has responded by claiming that the petitioner's perfection of the will contest was done improperly and should be dismissed. A hearing on that issue was conducted by Judge Eldred and briefs submitted. Judge Eldred ruled, and this Court believes correctly, that petitioner's will contest should proceed.

In his Order dated November 20, 2001, in Cause Number 84D03–0101–ES–1424, Judge Eldred stated, "The Court is cognizant that there are collateral causes pending in the Vigo Superior Courts concerning these exact issues and they should be rendered moot by this decision and should be dismissed." This Court agrees with Judge Eldred's sagacious statement. Although petitioner herein in her motions filed under consideration very well may have merit, and this Court knowing that Judge Eldred's November 20, 2001 decision is going to be appealed, finds no good reason at this time to drag out and continue this case.

Accordingly, petitioner's Motion to Reconsider, Motion to Relief and Judgment, and Motion to Correct Errors is hereby denied and this cause is hereby dismissed. Having two competing wills pending in two separate courts involving the same Connie Hamblen seems burdensome, clumsy and not proper. The Court is quite aware that this decision herein very well may be appealed, and if so, a consolidation of the two actions for appeal [ ] would seem wise.

Parenthetically speaking, this Court believes that the better practice in this matter would have been to accept the petitioner's Will for probate, since it clearly was filed first and when the Jewel Will was presented, it should have been denied and Jewell should have filed a will contest in this Cause Number. Of Course, this Court is armed with 20/20 hindsight, a luxury that Judge Bolin did not enjoy at the time he made his sua sponte ruling on February 20, 2001.

SO ORDERED this 28th day of December 2001.

*Id.* at 13–15.

T.R. 42 sets forth the procedure for the consolidation of actions involving common questions of law or fact. Section (D) provides in relevant part:

"Nothing in this Rule shall restrict the equitable discretion of the court having the earliest filed action to dismiss or stay that action. If such an order is entered, that court shall no longer be considered the court in which is pending the action with the earliest filing date for purposes of this Rule."

Here, the trial court exercised its equitable discretion in dismissing this proceeding and allowing the case pending before Judge Eldred to proceed. No error has been demonstrated; no abuse of discretion has been shown. Indeed, we commend both Judge Adler and Judge Eldred for their thoughtful and patient efforts to move this matter forward to a determination on its merits.

The prospect of meaningful appellate review at this stage offers neither party respite or resolution of the ultimate issue that must be decided by the probate court. The question that needs to be adjudicated on the merits is whether the 1997 will is valid. So far, the procedural maneuverings have failed to get to this question with the result that the case is mired in procedural morass. We summarily affirm the trial court's order dismissing this cause and allowing the parties to proceed with the determination of which of the wills executed by their father is valid. All other matters are thereby rendered moot.

Affirmed.

MATHIAS, J., and BARNES, J., concur.